### W. H. HICKS v. THE STATE.

No. 10761.    Delivered May 11, 1927.

**Assault to Murder—Sufficiency of the Evidence—Question for Jury.**

Appellant was convicted for an assault to murder on one Bill McDonald. The only question presented on appeal is the sufficiency of the evidence. Where the evidence is conflicting, it is the peculiar province of the jury to pass upon the credibility of the witnesses, and the weight to be given their testimony, and under the facts in the case before us, this court is without authority to interfere with the finding of the jury thereon.

Appeal from the District Court of Washington County. Tried below before the Hon. J. B. Price, Judge.

Appeal from a conviction for an assault to murder, penalty two years in the penitentiary.

The opinion states the case.

*B. F. Teague* and *W. J. Embry,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of assault with intent to murder, and his punishment assessed at two years in the penitentiary.

The record discloses that the appellant was a minister in charge of the colored Methodist church at Chapel Hill, and that the injured party, Bill McDonald, was a steward in said church. It appears that previous to the night of the alleged offense a business meeting of the officers of the church was held, in which the question of selecting a preacher to conduct a revival meeting arose. At this business meeting one of the stewards made a derogatory remark relative to a certain class of preachers, which the appellant contended was in violation of the discipline

of the church.  Thereafter, on the following Monday night, appellant sought to have the offending brother make an apology for the remarks referred to above.  This seemed to invite considerable discussion, in which Bill McDonald participated, and the final outcome was the shooting of McDonald by appellant with a pistol.  It was the contention of the state, and evidence was introduced to that effect, that McDonald criticised the conduct of both appellant and the offending brother in bringing on the discussion, and suggested that they retire to the branch and settle it by prayer, and appellant, without provocation upon the part of McDonald, shot him with a pistol.

The appellant defended upon the ground of self-defense.  He testified, and introduced other evidence to the same effect, that when he reprimanded the offending steward, McDonald "butted into" the conversation and stated that he was getting tired of appellant's foolishness; whereupon appellant demanded that McDonald sit down, which McDonald refused to do and became very angry and aggressive, commanding appellant to collect his "grip-sack" and effects and leave, and stating further that he, McDonald, "was not going to feed him any more."  It appears that at this point appellant's wife left the church, went to her home nearby, and returned with a pistol.  In the meantime someone had started a song, which seemed to allay the impending trouble during the singing, but when appellant's wife returned to the church with the pistol, appellant took it and, according to his testimony, shot McDonald in self-defense, it being his contention that at the time McDonald was advancing toward him with his right hand held toward his hip and his left hand extended, and that McDonald was demanding that appellant leave the premises.

There are no bills of exception in the record, and the only question presented for our consideration is the alleged insufficiency of the testimony to warrant a conviction.  We have carefully examined the record and find that the evidence is conflicting.  It is the peculiar province of the jury to pass upon the credibility of the witnesses and the weight to be given to their testimony, and under the circumstances developed in this case this court is without authority to interfere with the finding of the jury thereon.

Finding no error in the record, the judgment of the trial court is affirmed.                                         *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Morrow, P. J., not sitting.